# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BEASOR, | Case No. 1:18-cv-00337-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE |
| v. | |
| UNITED STATES POSTAL SERVICE, | (ECF No. 5, 9) |
| Defendant. | ORDER VACATING APRIL 23, 2018 HEARING |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Defendant United States Postal Service's motion to dismiss which was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 6.)

Pursuant to the Local Rule, Plaintiff's opposition to the motion to dismiss was due on April 9, 2018. L.R. 230(c). Plaintiff did not file a timely opposition to the motion. The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the previously scheduled hearing set on April 23, 2018 will be vacated and the parties will not be required to appear at that time.

///

# I.

## BACKGROUND

Plaintiff mailed an item to a buyer in Selma, California. (Compl. at p. 2, attached to Notice of Removal at 3-7,[1] ECF No. 1.) Plaintiff's package was lost and he experienced a loss of revenue. (Compl. at p. 2.) The package was insured for $50.00 and Plaintiff was paid the cost of the insurance and the insured amount upon completion of a claim form. (Decl. of Conny Beatty in Supp. of Mot. to Dismiss ¶ 4, ECF No. 5-2.)

On February 5, 2018, Plaintiff John Beasor ("Plaintiff") filed this action in Small Claims Court in Fresno Superior Court against the United States Postal Service ("USPS" or "Defendant") alleging negligence and bath faith in failure to pay or correct. (ECF No. 1 at 3-7.) Defendant USPS removed the action to the Eastern District of California on March 8, 2018. (ECF No. 1.) On March 15, 2018, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 5.) Plaintiff did not file an opposition to the motion. Defendant filed a reply on April 16, 2018. (ECF No. 9.)

# II.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss based upon lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (1989).

A jurisdictional attack under Rule 12(b)(1) may be either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenger the allegations in the complaint, asserting they are insufficient to invoke federal jurisdiction. Safe Air for Everyone, 373 F.3d at 1039. A factual attack challenges truth of the allegations that would otherwise invoke federal jurisdiction. Id.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**III.**

**DISCUSSION**

Defendant brings a facial attack to the complaint in this instance arguing that the United States has not waived its sovereign immunity for the claims alleged in the complaint.

**A.    The United States Has Not Waived Its Sovereign Immunity for Negligence in Handling of Mail**

Defendant argues that the United States has not waived its immunity for negligence in the handling of mail.  The United States and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity.  United States v. Sherwood, 312 U.S. 584, 586 (1941); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver."  United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (citations omitted); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (the government's waiver of sovereign immunity cannot be implied and must be unequivocally expressed in the statutory text").  Further, any waiver of sovereign immunity is strictly construed in favor of the government.  Lane, 518 U.S. at 192.  The party bringing a claim against the United States bears the burden of demonstrating an unequivocal waiver of immunity.  Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986).  Therefore, in order for Plaintiff to bring this action the United States would have to waive its sovereign immunity as to the specific claims he is asserting in this action.

The Postal Reorganization Act ("PRA"), 39 U.S.C. § 101 et seq., makes the USPS an "independent establishment of the executive branch of the Government of the United States." MB Fin. Grp., Inc. v. U.S. Postal Serv., 545 F.3d 814, 816 (9th Cir. 2008) (quoting 39 U.S.C. § 201).  The USPS enjoys sovereign immunity absent a waiver.  MB Fin. Grp., Inc., 545 F.3d at 816.  Generally, the PRA "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' " and "also provides that the Federal Tort Claims Act ("FTCA") 'shall apply to tort claims arising out of activities of the Postal Service[.]' " 39 U.S.C. § 409(c).  Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006) (citations omitted).

The United States has waived its immunity for certain classes of tort actions that would fall under the FTCA. Dolan, 546 U.S. at 484; Villegas v. United States, 926 F.Supp.2d 1185, 1204 (E.D. Wash. 2013). The district courts shall have exclusive jurisdiction of civil actions on claims for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA provides that the district court has exclusive jurisdiction of civil actions seeking monetary damages for torts committed by government employees acting in the scope of their employment. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009).

The FTCA provides for certain categories of exceptions which includes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This section provides that the United States Postal Service has not waived its sovereign immunity for "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 486 (citing Raila v. United States, 355 F.3d 118, 121 (2004)). This exception has been applied narrowly to "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." Dolan, 546 U.S. at 489; MB Fin. Grp., Inc., 545 F.3d at 818. These losses are avoidable to some degree or compensable through postal registration and insurance, id. at 491, such as that Plaintiff purchased in this instance. (See Decl. of Conny Beatty ¶ 4, ECF No. 5-2.)

In Anderson v. U.S. Postal Serv., 761 F.2d 527 (9th Cir. 1985), the plaintiff brought a claim alleging that the Postal Service had negligently loss his package when it was taken during a robbery of the postal carrier. Anderson, 761 F.2d at 528. The district court dismissed the claim based on lack of subject matter jurisdiction. Id. The Ninth Circuit affirmed finding that the claim was barred by sovereign immunity. Id.

Similarly here, Plaintiff's complaint alleges that due to the negligence of postal

employees his package was loss.  (ECF No. 1 at 4.)  This is specifically the type of claim that courts have found to be covered by the postal matter exception.  The postal matter exception applies to "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)."  Dolan, 546 U.S. at 489; MB Fin. Grp., Inc., 545 F.3d at 818.  Once mailed, Plaintiff's package became postal matter within the meaning of the statute.  Georgacarakos v. United States, 420 F.3d 1185, 1186 (10th Cir. 2005).  Plaintiff alleges that the package was being delivered to a buyer in California and he lost revenue due to the loss of his package.  (ECF No. 1 at 4.)  The heart of Plaintiff's claim is the damage that was caused by the loss of his postal matter; and therefore, the postal matter exception will apply.  Georgacarakos, 420 F.3d at 1188.

The Court finds that Plaintiff's claim arises out of the negligent transmission of postal matter and clearly falls within the postal matter exception to the FTCA.  See Bono v. United States, 145 F.Supp.2d 441, 445 (D.N.J. 2001) (section 2680(b) clearly covers the mere loss or miscarriage of mail); Marine Ins. Co. v. United States, 378 F.2d 812, 814 (2d Cir. 1967) (USPS entitled to sovereign immunity for mail stolen while in the normal flow of mail).  Therefore, the Court recommends that Defendant's motion to dismiss be granted.

**IV.**

**RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss with prejudice be GRANTED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 18, 2018**

UNITED STATES MAGISTRATE JUDGE